S. LANE TUCKER
United States Attorney

CHRISTOPHER D. SCHROEDER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: christopher.schroeder@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 3:24-cr-00039-SLG-KFR |
|---|---|
| Plaintiff, | COUNT 1:<br>CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES<br>  Vio. of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) |
| vs. | |
| JOLENE CURTIS and KENNETH WALKER JR., | |
| Defendants. | COUNTS 2 AND 3:<br>POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE<br>  Vio. of 21 U.S.C. § 841(a)(1), (b)(1)(B) |
| | COUNT 4:<br>POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME<br>   Vio. of 18 U.S.C. § 924(c)(1)(A)(i) |

COUNT 5:
FELON IN POSSESSION OF A FIREARM
  Vio. of 18 U.S.C. § 922(g)(1) and 924(a)(8)

COUNT 6:
MONEY LAUNDERING CONSPIRACY
  Vio. of 18 U.S.C. § 1956(h)

CRIMINAL FORFEITURE ALLEGATION 1:
  21 U.S.C. § 853(a)(1) and (2), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(a)

CRIMINAL FORFEITURE ALLEGATION 2:
  18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(a)

CRIMINAL FORFEITURE ALLEGATION 3:
  18 U.S.C. § 982(A)(1), 28 U.S.C. § 2461(C), and Fed. R. Crim. P. 32.2(A)

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning no later than on or about a precise date unknown to the Grand Jury, but no later than February 2022, and continuing to July 5, 2023, within the District of Alaska and elsewhere, the defendants, JOLENE CURTIS and KENNETH WALKER JR., and others both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree with one another and with others both known and unknown to the Grand Jury to distribute and possess with the intent to distribute

controlled substances, to wit: 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl).

All in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

## COUNT 2

On or about June 13, 2022, within the District of Alaska, the defendant, JOLENE CURTIS, did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

## COUNT 3

On or about July 3, 2022, within the District of Alaska, the defendant, JOLENE CURTIS, did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

## COUNT 4

On or about July 3, 2022, within the District of Alaska, the defendants, JOLENE CURTIS and KENNETH WALKER JR., knowingly and intentionally possessed firearms, to wit: a .357 caliber Ruger SP101 revolver, and a .38 caliber Rossi M68 revolver, in furtherance of the conspiracy to distribute and possess with intent to distribute controlled substances as alleged in Count 1, a drug trafficking crime for which they may be prosecuted in a court of the United States.

All of which is in violation of 18 U.S.C. § 924(c)(1)(A)(i).

## COUNT 5

On or about July 3, 2022, within the District of Alaska, the defendant, JOLENE CURTIS, knowing that she had been previously convicted of a crime punishable by imprisonment of a term exceeding one year, knowingly possessed, in and affecting interstate commerce, firearms, to wit: a .357 caliber Ruger SP101 revolver, and a .38 caliber Rossi M68 revolver.

All of which is in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8).

### Prior Convictions

| Conviction Date | Offense | Court | Case No. |
|---|---|---|---|
| March 10, 2020 | Robbery in the Second Degree | Alaska Superior Court, Third Judicial District at Anchorage | 3AN-17-10593CR |
| January 10, 2022 | Assault in the Third Degree | Alaska Superior Court, Third Judicial District at Anchorage | 3AN-19-10754CR |

## COUNT 6

Beginning on or about a date unknown but by at least August 4, 2022 and continuing through September 6, 2023, within the District of Alaska and elsewhere, the defendant, KENNETH WALKER JR., and others both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the grand jury to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1), with the intent to promote the carrying on of the unlawful distribution of controlled substances, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the unlawful distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

All of which is in violation of 18 U.S.C. § 1956(h).

# CRIMINAL FORFEITURE ALLEGATION 1

The allegations contained in Counts 1, 2, and 3 Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853(a)(1) and (2) and 28 U.S.C. § 2461(c).

Upon conviction for the offenses in violation of 21 U.S.C. § 841 set forth in Counts 1, 2, and 3 of this Indictment, the defendants, JOLENE CURTIS and KENNETH WALKER JR., shall forfeit to the United States any property constituting and derived from any proceeds obtained, directly or indirectly, as the result of such offenses, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

- $6,248 in U.S. Currency seized from JOLENE CURTIS on June 13, 2022,
- $9,969 in U.S. Currency seized from KENNETH WALKER JR. on July 3, 2022, and
- $6,870.68 in U.S. Currency seized from JOLENE CURTIS on July 3, 2022.

If, as a result of any act or omission of defendants, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States to seek forfeiture of other property of defendants pursuant to 21 U.S.C. § 853(p).

All pursuant to 21 U.S.C. § 853(a)(1) and (2), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## CRIMINAL FORFEITURE ALLEGATION 2

The allegations contained in Counts 4 and 5 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1).

Upon conviction of the offenses in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) and 18 U.S.C. § 924(c)(1)(A)(i) as set forth in Counts 4 and 5 of this Indictment, respectively, the defendants, JOLENE CURTIS and KENNETH WALKER JR., shall forfeit to the United States any firearms and ammunition involved in knowing violation of the offense, including but not limited to:

1. A .38 caliber Rossi M68 revolver, serial number AA245058, and
2. Any and all associated magazines and ammunition.

If, as a result of any act or omission of defendants, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States to seek forfeiture of other property of defendants pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## CRIMINAL FORFEITURE ALLEGATION 3

The allegations contained in Count 6 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c).

Upon conviction for the offense in violation of 18 U.S.C. § 856(h) set forth in Count 6 of this Indictment, the defendant, KENNETH WALKER JR., shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to:

- $6,248 in U.S. Currency seized from JOLENE CURTIS on June 13, 2022,
- $9,969 in U.S. Currency seized from KENNETH WALKER JR. on July 3, 2022, and
- $6,870.68 in U.S. Currency seized from JOLENE CURTIS on July 3, 2022.

If, as a result of any act or omission of defendants, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States to seek forfeiture of other property of defendants pursuant to 21 U.S.C. § 853(p).

All pursuant to 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Christopher D. Schroeder
CHRISTOPHER D. SCHROEDER
Assistant United States Attorney
United States of America

s/ S. Lane Tucker
S. LANE TUCKER
United States Attorney
United States of America

DATE: 4/16/2024